UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **PRESTON HARRIS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:11CV1810 LMB |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This is an action under 42 U.S.C. § 405(g) for judicial review of defendant's final decision denying plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act, and Supplemental Security Income benefits under Title XVI of the Act. Currently pending is Defendant's Motion to Reverse and Remand with Suggestions in Support. (Document Number 17). Plaintiff has filed a Response to defendant's motion. (Doc. No. 18).

In his motion, defendant requests that the court reverse the decision of the Administrative Law Judge (ALJ) and remand this action pursuant to sentence four of 42 U.S.C. § 405(g). Defendant states that, upon receipt of the court's remand order, the Appeals Council of the Social Security Administration will remand this case to an ALJ, who will be directed to obtain evidence from a vocational expert to identify jobs plaintiff can perform, given his exertional and non-exertional limitations. Defendant requests that the court enter a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure reversing the decision of the ALJ and remanding this case to the Commissioner.

Plaintiff has filed a Response, in which he states that, while he agrees that remand is appropriate, he objects to the scope of defendant's motion. Defendant argues that, in addition to obtaining vocational expert testimony, the ALJ should properly evaluate plaintiff's residual functional capacity ("RFC"), properly evaluate the medical opinion evidence, and properly analyze plaintiff's concentration, persistence, and pace.

Sentence four of 42 U.S.C. § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." However, in order for the court to properly remand a case to the Commissioner pursuant to sentence four, the court must enter an order either affirming, modifying or reversing the Commissioner's decision. See Brown v. Barnhart, 282 F.3d 580, 581 (8th Cir. 2002).

The undersigned believes that it is appropriate to reverse and remand this case in order to permit the Commissioner to take further action as requested in his motion. Upon remand, the ALJ should properly evaluate the medical opinion evidence; properly analyze plaintiff's concentration, persistence, and pace; properly determine plaintiff's RFC; and obtain evidence from a vocational expert to identify jobs plaintiff can perform, given his exertional and non-exertional limitations.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Reverse and Remand with Suggestions in Support (Doc. No. 17) be and it is **granted.**

**IT IS FURTHER ORDERED** that the decision of the Commissioner be **reversed** and this cause be **remanded** to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) for those reasons set forth in this Memorandum and Order. A separate written judgment will be entered in favor of the plaintiff and against the defendant.

Dated this   26th   day of June, 2012.

*Lewis M. Blanton*
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE